UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALESSANDRO A.,[1]

                                 Plaintiff,          Case # 21-CV-00393-FPG

v.                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                 Defendant.
_____

## INTRODUCTION

On May 17, 2018, Alessandro A., ("Plaintiff") protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 15. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Asad M. Ba-Yunus (the "ALJ") on April 27, 2020. *Id.* At the hearing, Plaintiff appeared and testified, along with a vocational expert. *Id.* On June 15, 2020, the ALJ issued an unfavorable decision. Tr. 12. On January 28, 2021, the Appeals Council denied review. Tr. 1. On March 15, 2021, Plaintiff appealed directly to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 9. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the judgment of the SSA is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I.  **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.  The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 17, 2018, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: "collarbone fracture; chronic/constant pain; lower back pain; knee stiffness." Tr. 1; *see also* 20 CFR 416.920(c). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 19.

Next, the ALJ determined that Plaintiff maintained the RFC to perform "light work" as defined in 20 C.F.R. § 416.967(b), with specific exertional limitations, Tr. 19, namely that claimant "can only frequently balance, stoop, kneel, crouch, crawl, climb ramps/stairs, and occasionally climb ladders, ropes or scaffolds." Tr. 19.

At steps four and five, the ALJ concluded that claimant was capable of performing past relevant work as a telemarketing recorder. Tr. 21. As such, the ALJ found that Plaintiff was not disabled from his alleged onset date, May 17, 2018, through the date of the ALJ's decision, June 15, 2020. *Id*.

**II.  Analysis**

Plaintiff argues that the ALJ (i) erred in his determination of Plaintiff's physical RFC and (ii) erred in his determination that Plaintiff's mental impairments were nonsevere. ECF No. 8-1 at 2. For the reasons below, the Court disagrees.

### A. RFC Determination

First, Plaintiff contends that the ALJ erred in his determination of Plaintiff's physical RFC because "the only opinion on record with regards to the Plaintiff's [physical] limitations was that of [consultative examiner] Dr. [Nisha] Singh, who the ALJ acknowledged lacked imaging evidence [as to Plaintiff's left knee] which the ALJ later reviewed." ECF No. 8-1 at 10. Such imaging evidence was absent from Plaintiff's medical history when Dr. Singh opined as to Plaintiff's physical limitations. *Id*. This, according to Plaintiff, rendered the ALJ's RFC determination unsupported by substantial evidence because the ALJ found Dr. Singh's opinion "somewhat persuasive" in determining Plaintiff's RFC. *Id*. Plaintiff relatedly contends that the ALJ impermissibly interpreted such imaging evidence, substituting his own lay opinion for a medical expert's. *Id*. at 11. The Commissioner maintains that the ALJ permissibly weighed all of the available evidence in reaching an RFC determination that was consistent with the record as a whole, properly resolved a genuine factual conflict in reviewing such evidence, and properly discounted Dr. Singh's opinion as "somewhat persuasive" in light of the other evidence of record. ECF No. 9-1 at 7, 10-12. For the reasons below, the Court agrees with the Commissioner.

A claimant's RFC reflects what he or she "can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818, 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012). To make an RFC determination, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id*. (citation omitted); *see also* 20 C.F.R. § 416.945(a). The ALJ assesses RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). When determining a claimant's RFC, the ALJ is required to take the claimant's testimony as to limitations into account, "but is not required to accept the claimant's subjective complaints without

4

question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted). Genuine conflicts in the medical evidence are for the Commissioner to resolve. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

Still, an ALJ generally may not substitute his own judgment for that of competent medical opinion, and therefore "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 391 (W.D.N.Y. 2019); *see also Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (noting that "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence").

Where the administrative record does not contain a medical source opinion about the claimant's functional limitations, an ALJ is generally required to "recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing" to fully develop the record. *Wilson*, 2015 WL 1003933, at *22; *see also Calhoun v. Comm'r of Soc. Sec.*, No. 18-CV-6070-FPG, 2019 WL 1949743, at *3 (W.D.N.Y. May 2, 2019) (noting that "[t]he ALJ has an affirmative duty to develop the administrative record due to the non-adversarial nature of a benefits proceeding"). But where "the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (brackets, quotation mark, and citations omitted) (summary order). Under certain circumstances, particularly where the medical evidence shows relatively minor physical impairment, "an ALJ permissibly can render a common sense judgment about functional capacity even without a

physician's assessment." *House v. Astrue*, No. 5:11-CV-915, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013).

Here, Plaintiff testified in pertinent part that he had "difficulty with lifting, standing, climbing stairs, kneeling, squatting, and reaching[,]" and was "unable to work due to chronic pain[.]" Tr. at 20-21. The medical evidence, however, reflected that Plaintiff had a "normal gait with normal reflexes noted upon examination; and [had] not been referred to chiropractic care, physical therapy or pain management due to any alleged pain complaints." *Id*. In addition, the medical evidence showed that, in August 2018, Plaintiff had experienced "pain and discomfort in his left knee." Tr. 21. The ALJ noted that Plaintiff, however, had a "full range of motion in all extremities" and "was not prescribed any medications for his knee pain[,]" nor was Plaintiff seen by an orthopedic specialist since August 2018. *Id*. In addition, Plaintiff's treatment records through December 2019 showed that Plaintiff retained a "normal gait" with "no knee pain complaints" endorsed. *Id*.

The only medical opinion of record rendered with respect to Plaintiff's physical limitations was Dr. Singh's. Dr. Singh opined that Plaintiff possessed the physical RFC to perform work at the "medium exertional level" in part because, when Dr. Singh reviewed Plaintiff's medical history, Plaintiff had not received treatment "related to back or knee pain complaints." Tr. 21. The ALJ, however, proceeded to discount Dr. Singh's opinion and found that Plaintiff was capable of a "light level of exertion[,]" or "light work," due in part to the presence of medical imaging evidence provided to the ALJ, after Dr. Singh's review of Plaintiff's medical history, which showed that Plaintiff experienced "mild degeneration in [his] left knee with associated pain complaints," in August 2018, albeit "in the absence of ongoing orthopedic treatment." *Id*. In addition, Plaintiff's August 2018 physical examination demonstrated that Plaintiff "had normal

6

range of motion in all extremities." *Id*. Thereafter, the ALJ concluded that the severity and intensity of Plaintiff's "complaints and alleged limitations" were inconsistent with the "objective findings" and "all of the medical evidence and medical opinions submitted," ostensibly including Dr. Singh's opinion and the medical imaging evidence. *Id*. Accordingly, the ALJ determined that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. 416.967(b). Tr. 19.

While an ALJ generally may not evaluate "bare medical findings" without a medical expert's assessment of such evidence, the Court concludes that the record upon which the ALJ relied "contain[ed] sufficient evidence from which [the] ALJ [could] assess the claimant's residual functional capacity" and such evidence rendered a "medical source statement or formal medical opinion" as to the condition of Plaintiff's left knee unnecessary. *Monroe*, 676 F. App'x at 8. Indeed, the ALJ properly exercised his "discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier*, 606 F.3d at 49.

As discussed, the ALJ noted that Plaintiff's medical history showed that, since August 2018, he had not received treatment or care for any alleged left knee pain and that he had consistently demonstrated "normal gait with normal reflexes" since the alleged onset date. Tr. 20-21. Moreover, Plaintiff's medical records repeatedly showed "normal physical exams with no tenderness to palpitation noted on any of the physical portions of his examinations[,]" and that Plaintiff had "not been referred to chiropractic care, physical therapy or pain management due to any alleged pain complaints." Tr. 20. Accordingly, the ALJ reasonably concluded that Plaintiff's subjective complaints that he was "unable to work due to chronic pain" were not consistent with the other medical evidence of record, and properly weighed the "credibility of claimant's testimony" that he was unable to work due to such pain against such evidence. *Genier*, 606 F.3d at 49; *see also* Tr. 20-21. In reviewing the imaging evidence that was provided after Dr. Singh's

opinion was rendered, the ALJ permissibly rendered a "common sense judgment" about Plaintiff's functional capacity, particularly because the evidence showed a relatively minor physical impairment. *House*, 2013 WL 422058, at *4. In sum, the ALJ's RFC determination of "light work" was supported by "substantial evidence," despite the ALJ's review of imaging evidence with respect to Plaintiff's left knee without a medical expert's assessment of such evidence. *See Moran*, 569 F.3d at 112.

Moreover, even if the ALJ erred in this respect, Plaintiff fails to demonstrate prejudice warranting remand. "As a general matter, where an ALJ imposes a limitation in his RFC that is *more* restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation." *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 20-CV-6998, 2022 WL 2758309, at *4 (W.D.N.Y. July 14, 2022). "The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required, and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." *Theresa G. v. Saul*, No. 20-CV-362, 2021 WL 1535472, at *5 (N.D.N.Y. Apr. 19, 2021) (internal quotation marks omitted); *see also Colleen K. v. Comm'r of Soc. Sec.*, No. 19-CV-1124, 2021 WL 117994, at *4 (W.D.N.Y. Jan. 13, 2021); *Jacob M. v. Comm'r of Soc. Sec.*, No. 20-CV-1093-FPG, 2022 WL 61007, at *5 (W.D.N.Y. Jan. 6, 2022). Here, Dr. Singh opined that Plaintiff retained a physical RFC at the "medium exertional level," but the ALJ formulated a "more restrictive" RFC supporting a "light level of exertion," based upon the objective medical evidence and clinical findings. Tr. 21. Given the medical opinion evidence in the record, Plaintiff cannot show harmful error justifying remand in this respect. *See Jacob M.*, 2022 WL 61007, at *5 ("The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more

generous than the medical opinions required[,] and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand.").

For the foregoing reasons, this aspect of Plaintiff's motion is denied.

## B. Nonsevere Impairments

Next, Plaintiff contends that the ALJ erred in his determination that Plaintiff's mental impairments—depression and anxiety—were nonsevere. ECF No. 8-1 at 2. For the reasons below, the Court disagrees.

At step two of the disability analysis, the ALJ considers the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). A "severe impairment" is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id*. at §§ 404.1520(c), 404.1521. "Basic work activities" are "the abilities and aptitudes necessary to do most jobs." *Id*. at § 404.1521(b). It is the claimant's burden to present evidence that establishes the severity of his impairment. *Id*. at § 404.1512(c). The claimant must demonstrate "that the impairment has caused functional limitations that precluded him from engaging in any substantial gainful activity for one year or more." *Perez v. Astrue*, 907 F. Supp. 2d 266, 272 (N.D.N.Y. 2012) (citing *Meadors v. Astrue*, 370 F. App'x 179, 182 (2d Cir. 2010) and *Rivera v. Harris*, 623 F.2d 212, 215 (2d Cir. 1980)). A finding of "nonsevere" should be made if the medical evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. *Id*. at 271; *see also* S.S.R. 85-28, 1985 WL 56858, at *3 (S.S.A. Jan. 1, 1985).

"An error at step two—either a failure to make a severity determination regarding an impairment, or an erroneous determination that an impairment is not severe—can be harmless error if the ALJ continues the analysis and considers all impairments in [his] RFC determination." *Sech*

9

*v. Comm'r of Soc. Sec.*, No. 7:13-CV-1356, 2015 WL 1447125, at *3 (N.D.N.Y. Mar. 30, 2015); *see* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' … when we assess your [RFC]."). Remand is required if the ALJ fails to account for the claimant's nonsevere impairments when determining his RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) ("[A]fter finding that [the claimant]'s mental impairment of depression does not cause more than minimal limitation in her ability to perform basic mental work activities and is therefore nonsevere, … the ALJ determined [the claimant]'s RFC without accounting for any of the limitations arising from her mental impairment[.]  Thus, the ALJ committed legal error."); *Schmidt v. Colvin*, No. 15-CV-2692, 2016 WL 4435218, at *13 (E.D.N.Y. Aug. 19, 2016) ("Where an ALJ fails to account for any functional limitations associated with the [non-severe] impairments in determining the claimant's RFC, a court must remand for further administrative proceedings.") (quotation marks and citations omitted).

Here, contrary to Plaintiff's argument, the ALJ relied upon sufficient record evidence to conclude at Step Two that Plaintiff's anxiety and depression did not cause "more than a minimal limitation in the claimant's ability to do basic work activities" and were nonsevere. Tr. 19. The ALJ noted that while Plaintiff had "participated in mental health treatment with psychotherapy [and] psychotropic medication management," the medical evidence of record demonstrated that his "memory, attention, and concentration were within normal limits[,]" he "generally had a normal mood[,]" and "presented as alert and fully oriented with no evidence of thought disorder." Tr. 18. In addition, the ALJ found "fairly persuasive" the opinion of a consultative examiner, Dr. Mendoza, which found Plaintiff's impairments to be nonsevere. Tr. 21. Dr. Mendoza, the sole medical expert of record that opined with respect to Plaintiff's mental impairments, stated that

Plaintiff was "future oriented, and generally has a normal mood[,]" and "[h]is memory, attention, and concentration are within normal limits." *Id*. While Plaintiff's diagnoses for depression and anxiety are undisputed, the Court observes that "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Critoph v. Berryhill*, No. 1:16-CV-00417, 2017 WL 4324688, at *3 (W.D.N.Y. Sept. 28, 2017).

Moreover, even if the ALJ erred in determining Plaintiff's mental impairments to be nonsevere, such error is harmless if the ALJ "continues the analysis and considers all impairments in [his] RFC determination." *Sech*, 2015 WL 1447125, at *3. Here, during the ALJ's RFC determination, the ALJ explicitly discussed Plaintiff's "mental impairments" and the medical opinion of Dr. Mendoza. Tr. 21 ("The conclusion of DDS mental consultant Ryan Mendoza, Psy.D. that the claimant's mental impairments were nonsevere is fairly persuasive"). Moreover, before reaching Dr. Mendoza's opinion, the ALJ considered Plaintiff's claims that "he does not get along with other people due to anger issues and that he has trouble focusing[,]" before concluding that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence." Tr. 20. Despite Plaintiff's claims to the contrary, the ALJ expressly considered and did not fail to account for the "limitations imposed by Plaintiff's non-severe [ ] impairments." *Schmidt*, 2016 WL 4435218, at *13. The ALJ properly "continued the sequential analysis and considered Plaintiff's nonsevere impairments in his RFC determination." *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. May 2, 2013) (summary order) (finding errors at step two are harmless if the ALJ continues with the sequential analysis).

In short, the ALJ reasonably relied upon the evidence articulated above to conclude that Plaintiff's mental impairments were "non-severe." *See* 20 C.F.R. § 404.1529(c)(2), (3). The mere fact that other evidence could support a different conclusion is not sufficient to warrant remand. *See Gonzalez-Cruz v. Comm'r of Social Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018). Rather, this Court must defer to the Commissioner's resolution of evidence where, as here, "that resolution is supported by substantial evidence." *Marc C. v. Comm'r of Social Sec.*, No. 17-CV-1096, 2018 WL 6830839, at *8 (N.D.N.Y. Dec. 27, 2018). Accordingly, remand on the basis that the ALJ erred in his evaluation of Plaintiff's mental impairments is not warranted. This aspect of Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 9, is GRANTED, and the judgment of the SSA is AFFIRMED. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 26, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York